IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jareer Tabari,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>    Respondent. | No. CV-10-2419-PHX-DGC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's Motion For Entry of Default and For Order to Show Cause. (Doc. 17) Respondent has filed a response, doc. 23, to which Petitioner has replied, doc. 24. For the reasons set forth below, the motion should be denied.

**I. Background**

On November 9, 2010, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) Petitioner claims that his continued, indefinite detention by Immigration and Customs Enforcement ("ICE") is not authorized by 8 U.S.C. § 1231 and violates the Fifth Amendment's Due Process Clause. (Doc. 1) On January 4, 2011, the Court directed Respondent to answer the Petition within 20 days of the date of service. (Doc. 7) On January 25, 2011, Respondent filed a motion for extension of time to file a response to the Petition. (Doc. 14) The Court granted the motion and ordered Respondent to file a response to the Petition on or before February 18, 2011. (Doc. 15)

On February 19, 2011, Respondent filed an untimely Response in Opposition to Petition for Writ of Habeas Corpus. (Doc. 16) Several weeks later, on March 1, 2011, Petitioner filed

the pending Motion for Entry of Default and for Order to Show Cause, requesting that the Court enter default against Respondent and order Respondent to show cause why default judgment should not be entered. In support of his motion, Petitioner argues that, by filing her response one day late without seeking leave to do so, Respondent has failed to "plead or otherwise defend" this action. (Doc. 17)  Respondent filed a response, arguing that default judgment cannot be entered against an agency of the United States unless Petitioner establishes a clear entitlement to relief. (Doc. 23 at 2) (citing Fed.R.Civ.P. 55(d)).  In his Reply, Petitioner states that Respondent's argument is misplaced because it focuses on default judgment and fails to address the prerequisite to default judgment, the entry of default. (Doc. 24)

**II. Analysis**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must entry the party's default." Fed.R.Civ.P. 55(a). Rule 55(a) previously required the party alleged to be in default to "plead or otherwise defend *as provided by these rules*," Fed.R.Civ.P. 55(a) (1987) (emphasis added), but was amended in 2007 to delete the italicized language. The Advisory Committee's notes to the amendment indicate that the change was intended to permit a party to avoid default by taking any act that "show[s] an intent to defend," even if that act was not authorized by a specific rule.

In this case, Respondent's response was due on or before February 18, 2011. At 3:53 a.m. on February 19, 2011, Respondent filed an untimely Response without requesting leave to do so. (Doc. 16; Doc. 17, Exh. 1 - notice of electronic filing)  Although Respondent's response to the § 2241 Petition was untimely, it nonetheless is "plead[ing] or otherwise defend[ing]," and is sufficient to bar the entry of default. Any other resolution would be inconsistent with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Additionally, some courts have considered "[t]he filing of a late answer . . .analogous to a motion to vacate a default," because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been

entered and [it] had moved under Rule 55(a) to set it aside.'" *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).  *See also Heber v. United States*, 145 F.R.D. 576, 577 (D.Utah 1992).

Under Rule 55(c), the court may, "for good cause shown," set aside an entry of default. Fed.R.Civ.P. 55(c). "Good cause" is a liberal standard. Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Consistent with that principle, a court may consider numerous factors in deciding whether to exercise its discretion to enter a default, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

Although Petitioner is correct that Respondent's response to the motion for default, skips ahead to a discussion of default *judgment*, that is not a reason for granting default.  The response also explains Respondent's tardy filing.  Respondent's counsel explains that, just before midnight on February 18, 2011, she encountered problems with the exhibits to her response. Correcting the problems with the exhibits caused her untimely filing. Based on her assumption that "[t]he rules do not permit the filing of a Motion for Extension of Time after the deadline," counsel determined that the best course of action was to fix the exhibits and proceed to file her Response. (Doc. 23 at 4)   Respondent's counsel now recognizes that she should have filed a motion to accept late filing and apologizes for her error.  (Doc. 23 at 4)   On the basis of Respondent having filed a response a mere four hours after the deadline, Petitioner seeks the entry of default. Petitioner's chief complaint is that Petitioner has "languished in custody" for "over two years," and Respondent's "unjustified neglect" has delayed resolution of this matter. (Doc. 17)   In the same paragraph in which Petitioner complains of delay, he asks the "Court to suspend the running of time for him to file a reply" until the issue of default is resolved.  (*Id*.) Petitioner's concern about delay is disingenuous because his own motion for default, which the

Court finds hard to believe counsel thought would be well taken, has delayed resolution of this case considerably more than the four hours (which occurred between midnight and 4:00 a.m., while Petitioner's counsel was likely sleeping and would not have begun drafting a reply) that Respondent's untimely response did.

The record simply does not support entering default in this case. The Response was filed a mere four hours late. Although counsel could have, and should have, requested leave to file an untimely response,[1] her failure to do so - at worst - is excusable neglect. An analysis of the above factors in the context of this case lead to the conclusion that Respondent's failure to file a timely response should be excused. No prejudice will result from Respondent filing her response a mere four hours late. These factors, combined with the policy favoring decisions on the merits, mitigates against a finding of default.[2]

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion For Entry of Default and For Order to Show Cause, doc. 17, be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have

---

[1] Federal Rule of Civil Procedure 6(b)(1)(B) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made *after the time has expired* if the party failed to act because of excusable neglect." *Id.* (emphasis added).

[2] Even if an entry of default were appropriate here, the Court would have proceeded to the merits of the Petition, because default judgment, is "an extreme judgment that is disfavored in habeas corpus cases." *Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995); *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (stating that "[r]eleasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgments are disfavored in habeas corpus cases."); *Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir.1988); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).

1  fourteen days from the date of service of a copy of this recommendation within which to file
2  specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
3  Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file
4  a response to the objections. Failure timely to file objections to the Magistrate Judge's Report
5  and Recommendation may result in the acceptance of the Report and Recommendation by the
6  District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
7  (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate
8  Judge will be considered a waiver of a party's right to appellate review of the findings of fact in
9  an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
10 Federal Rules of Civil Procedure.

DATED this 26th day of April, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge